UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Danny Williams,

    Petitioner,

v.                                                              Case No. 1:04cv403

Michael Sheets,                                      Judge Michael R. Barrett

    Defendant.

**ORDER**

Before the Court is the June 27, 2006 Magistrate Judge's Report and Recommendation ("R&R") (Doc. 15) regarding Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Petitioner filed timely objections to the R&R.

**I.**    **FACTUAL BACKGROUND**

On November 26, 2001 petitioner was indicted for two counts of attempted murder with firearm specifications, four counts of felonious assault with specifications, and two counts of carrying a concealed weapon.  After a jury trial began, petitioner entered an *Alford* guilty plea to the two attempted murder charges and one of the firearm specifications.  Petitioner was then sentenced to 15 years in prison, but a clerical error on the Judgment Entry showed a total prison term of 14 years.

Petitioner filed a timely *pro se* notice of appeal, but counsel appointed to represent petitioner "agreed [the] sentence is not reviewable by an appellate court." On April 30, 2003, the Ohio Court of Appeals denied petitioner's appeal, and noted that petitioner had to be re-sentenced because the new sentencing entry would result in an additional year in prison. On May 15, 2003, petitioner was re-sentenced "nunc pro tunc to 6-25-02." Petitioner was present with counsel at the re-sentencing.

On July 24, 2003 petitioner filed an appeal asserting he was denied allocution at re-sentencing under Ohio R. Crim. P. 43(A). The Ohio Court of Appeals dismissed the appeal as untimely. The Ohio Supreme Court declined jurisdiction to hear the appeal, stating it did not involve a constitutional question.

At the same time petitioner's appeal was in front of the Ohio Court of Appeals, petitioner filed a *pro se* motion to withdraw his guilty plea, which were followed by two identical motions. The subsequent motions were dismissed, but the appeals of the first and third motions were consolidated and placed on the Ohio Court of Appeals, First Appellate District's accelerated calendar. In his brief, plaintiff laid out seven assignments of error. The court overruled all of petitioner's assignments of error, concluding that the trial court lacked the jurisdiction to allow petitioner to withdraw his guilty plea because his direct appeal was still pending. The Ohio Supreme Court declined jurisdiction because the appeal lacked a substantial constitutional question.

Petitioner then filed the instant habeas corpus petition asserting the following ten grounds for relief: (1) he was denied his allocution rights under Ohio R. Crim. P. 43 (A) at

his re-sentencing,[1] (2) he must be re-sentenced because a correction will result in an increased sentence, (3) the dismissal of his appeal on April 30, 2003 was in error, (4) the Ohio Court of Appeals erred in not allowing petitioner to withdraw his guilty plea to "correct manifest injustice," (5) before he entered his *Alford* plea, the trial judge did not inform the petitioner that he had a pre-trial motion pending, or had the right to preserve appeal on the motion by pleading no-contest, (6) the pre-trial motion for fingerprint and palm analysis of Michael Smith had no response from the prosecution, (7) constitutional violations based on the prosecution's failure to respond to the pre-trial motion, (8) petitioner was denied the right to examine exculpatory and mitigating material including weapons, (9) the trial judge's participation in the plea negotiation, and (10) the trial judge and prosecution destroyed firearms.

## II.     MAGISTRATE JUDGE'S R&R

The Magistrate Judge recommends dismissing petitioner's writ of habeas corpus. The Magistrate Judge concluded that Petitioner is not entitled to relief on the claims he raised in grounds one through three–in essence that he was denied allocution under Ohio R. Crim. P. 43 (A) at his re-sentencing. The Magistrate Judge explained that a federal court can only consider claims of constitutional violations, not questions of state law. However, the Magistrate Judge explained that Petitioner waived his constitutional claims because his appeal of the re-sentencing order was untimely. The Magistrate Judge also explained that even if petitioner did not waive his constitutional claims, there is no federal right to allocution at sentencing or re-sentencing.

---

[1] Petitioner claims that records from Ross Correctional Institution, where he is incarcerated, will show that he was not in fact present at the re-sentencing.

The Magistrate Judge also concluded that Petitioner's claims asserted in grounds four through ten of his appeal should be denied. The Magistrate Judge noted that even if Petitioner's claim triggers constitutional claims, Petitioner previously agreed to the serve a 15-year sentence, the same sentence that was given to him at re-sentencing. The Magistrate Judge also noted that by entering his *Alford* plea, Petitioner waived claims seeking to challenge his conviction as a result of non-jurisdictional errors that occurred before he entered his plea. Regarding Petitioner's argument that the trial judge intimidated him into accepting a plea bargain, the Magistrate Judge explained that nothing in the record rebuts the presumption of correctness that should be accorded to the Ohio Court of Appeals factual finding on direct appeal that petitioner's plea was knowingly, intelligently, and voluntarily given. The Magistrate Judge also concluded that the trial judge was not obligated under state law or the federal Constitution to inform Petitioner about the claimed difference in the appeal consequences of an *Alford* plea versus a "no contest" plea after the parties had negotiated and executed a written plea agreement.

### III.   ANALYSIS

In his objections, Petitioner argues that in the April 30, 2003 order denying his appeal, there is a clerical error in the date that petitioner and his counsel appeared for re-sentencing. Next, Petitioner repeats his argument that he was not present in court for his re-sentencing on May 15, 2003.

The Court finds that Petitioner is not entitled to habeas relief on his claim that he was denied allocution pursuant to Ohio R. Crim. P. 34 (A). As the Magistrate Judge explained, this Court is unable to review a claim pursuant to a state law. A habeas petition may only be granted if the petitioner is in custody "in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's allocution claim was dismissed by the Ohio Court of Appeals on the procedural ground that it was untimely. This Court is now prohibited from considering the merits of petitioner's state law claim because "federal habeas corpus relief does not lie for errors of state law." *Baze v. Parker*, 371 F.3d 310, 323 (6th Cir. 2004), *citing Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court may only review the claim if the alleged error was a violation of Petitioner's constitutional due process rights.

However, the Court finds that the Magistrate Judge was correct in concluding that Petitioner waived any constitutional claim. The Supreme Court held in *Harris v. Reed* that a federal court may not review a habeas petition if the state court's judgement rested on an independent ground from the federal claim and is an adequate basis for the state court's decision. 489 U.S. 255, 260-62 (1989). This "independent and adequate" doctrine will apply if the state court clearly and expressly rested its holding on a procedural ground. *McBee v. Abramajtys*, 929 F.2d 264, 266-67 (6th Cir. 1991); *see also Harris*, 489 U.S. at 263. Where a state court clearly and expressly relied on an independent and adequate state procedural ground for rejecting a petitioner's claim, his constitutional claim is deemed to be waived unless petitioner can show cause for the default in state court or prejudice because of his default, or that the failure to address his claims will result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In the instant case, the Ohio Court of Appeals clearly and expressly relied on the "independent" procedural ground of untimeliness to dismiss petitioner's claim. The procedural ground of untimeliness is also adequate because dismissing an appeal for not

being filed "within thirty days of the later entry of the judgment or order appealed" is a firmly established practice in Ohio pursuant to Ohio R. App. P. 4(A) absent a showing of "good cause" for the delay pursuant to Ohio R. App. 14 (B).

Even assuming that Petitioner did not waive his constitutional claims, there is no federal right to allocution at sentencing, let alone re-sentencing. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997), *see also Buckner v. Timmerman-Cooper*, 2006 WL 1995605, *4 (S.D. Ohio, July 14, 2006) (slip op.) (concluding that even if petitioner's absence from his re-sentencing hearing violated state law, this Court would be unable to grant relief because his absence did not violate the Constitution of the United States).

The Court also finds that petitioner is not entitled to habeas relief on his claim that he was denied his right to withdraw his unconditional guilty plea.

First, petitioner was not entitled to withdraw his guilty plea at the re-sentencing because he made the plea with the full understanding that he would serve a 15-year prison term. The re-sentencing was only done to correct a clerical error on the Judgment Entry from a 14 to 15-year term.

Second, petitioner's unconditional guilty plea prevents him from appealing any pre-plea motions because this Circuit has made the general rule that a "guilty plea waives all non-jurisdictional defects in the pre-plea proceedings." *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003), *quoting United States v. Herrera*, 265 F.3d 349, 351 (6th Cir. 2001). If petitioner challenges a conviction following a guilty plea on the advice of counsel, he may only attack the nature of the plea as not knowingly, intelligently, or voluntarily entered. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, petitioner's arguments that the

prosecution and trial court erred by dismissing his pre-trial motion for fingerprint and palm analysis of Michael Smith and by failing to preserve and destroying evidence are moot in light of his unconditional guilty plea.

Third, petitioner's claim that his plea was not voluntary due to the intimidation of the trial court judge is not supported by the record. Factual determinations by a state court are presumed to be correct unless a petitioner can rebut the presumption with "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1). The Ohio Court of Appeals found that "the trial court, pursuant to Crim.R. 11 (C) scrupulously ensured that Williams's plea was made knowingly, voluntarily, and intelligently." Petitioner has offered no evidence to rebut this finding.

Finally, Petitioner's claim that his plea was not voluntary because he was not informed of the plea consequences by the trial judge is incorrect because the court was not required to inform him that he had a pre-trial motion pending, or had the right to preserve appeal on the motion by pleading no-contest. *See U.S. v. Coil*, 442 F.3d 912, 914-15 (5th Cir. 2006) (explaining that district court need not inform defendant that his guilty plea operates as waiver of the right to appeal non-jurisdictional pretrial rulings); *U.S. v. Wagner*, No. 03-4409, 88 Fed.Appx. 593, *594 (4th Cir. Feb. 23, 2004) (unpublished) (concluding that defendant's guilty plea was not rendered unknowing and involuntary merely because the district court did not advise him about possibility of entering conditional guilty plea); *United States v. Floyd*, 108 F.3d 202, 204 n.2 (9th Cir. 1997) ("Rule 11 does not require a district court to inform a defendant that, by pleading guilty, [he] is waiving [his] right to appeal any antecedent rulings or constitutional violations."); *United States v. Bell*, 966 F.2d 914, 917 (5th Cir. 1992) (district court not required to warn

defendant that by pleading guilty he would be waiving his right to seek appellate review of the denial of his speedy trial motion).  Therefore, Petitioner's constitutional rights have not been violated because the trial court failed to inform him that his unconditional guilty plea would not preserve appeal on any pre-trial motions.

## IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation.  Accordingly, the June 27, 2006 Magistrate Judge's Report and Recommendation is hereby **ADOPTED**.  The Court **DENIES with PREJUDICE** Petitioner's petition for writ of habeas corpus.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                     Michael R. Barrett, Judge
                                     United States District Court